IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CARRIE M. WARD ET AL., | * |
| Plaintiffs, | * |
| v. | * |
| KAMAL MUSTAFA ET AL., | *   Civil No. 25-864-BAH |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

On March 17, 2025, Defendants Kamal Mustafa and Fatima Mustafa[1] (hereinafter "Defendants"), proceeding pro se, removed this action (Case No. 382518V) to this Court from the Circuit Court for Montgomery County. *See* ECF 1.[2] The state action appears to be a foreclosure proceeding that was filed on October 3, 2013, and is currently closed. *See* ECF 1-3 (state court docket sheet), at 1. Defendants invoke federal question jurisdiction as the basis for removal as "this Court has original jurisdiction under RICO claims." ECF 1, at 2–3. Plaintiffs have filed a motion to remand to state court, arguing that there is no basis for removal, that removal was untimely, and that Judge Hazel, in 2015, granted Plaintiffs' motion to remand after Defendants attempted to remove the very same state court action to this Court. *See* ECF 5, at 4–5. Defendants oppose remand, arguing that this Court has jurisdiction under 18 U.S.C. § 1964. ECF 10, at 1.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The

---

[1] The docket sheet attached the to notice of removal indicates that there is at least one other defendant, Zeshan K. Mustafa, in the state case. *See* ECF 1-3, at 4. That defendant does not appear to have joined the notice of removal. *See* ECF 1

[2] Unless otherwise specified, citations to ECF docket numbers refer to documents filed in this action (Civ. No. 25-864-BAH).

Court must have subject-matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (emphasis in original). The requirement of subject matter jurisdiction is so fundamental that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). A defendant seeking to remove an action from state to federal court must file the notice of removal "within 30 days after the receipt by the defendant" of the pleading or other document that notifies the defendant of the grounds for removal. 28 U.S.C. § 1446; *see also .Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("[W]e conclude that only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case '*stated* by the initial pleading' not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading.").

Defendants assert that this Court has federal question jurisdiction under 18 U.S.C. § 1964, which permits plaintiffs to bring civil actions for damages resulting from a RICO (Racketeer

2

Influenced and Corrupt Organizations Act) violation. *See* ECF 1, at 3; ECF 10, at 1. The underlying state court, action, however, appears to be a closed state court foreclosure action, though Defendants here do not provide the Court with a copy of the state court complaint, only the docket sheet. *See generally* ECF 1. As the parties seeking to invoke this Court's jurisdiction, Defendants bear the burden of alleging and demonstrating that this Court has subject matter jurisdiction over the action. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Another judge of this Court has previously found that the Court lacks subject matter jurisdiction over the same state action, and any federal counterclaim Defendants seek to bring does not alter that framework. *See* ECF 15 in Civ. No. 15-708-GJH. As Judge Hazel explained to Defendants ten years ago, regardless of any counterclaim raising federal claims, "for removal purposes, the Court looks only to the complaint to determine whether a federal question is presented." *See* ECF 15 in Civ. No. 15-708-GJH, at 3 (May 29, 2015) (citing *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983); *Martin Pet Products (U.S.), Inc. v. Lawrence*, 814 F. Supp. 56, 58 (D. Kan. 1993)); *see also Caterpillar Inc.*, 482 U.S. at 392.[3] Further, federal courts generally do not possess federal question jurisdiction over foreclosure actions brought pursuant to state law. *See Myers v. CFG Cmty. Bank*, Civ. No. CCB-16-3098, 2016 WL 4945009, at *2 (D. Md. Sept. 16, 2016) ("Foreclosure actions brought under state law generally do not give rise to a federal question and are not a sufficient basis for subject matter jurisdiction."); *Mendoza v. Betch*, Civ. No. DLB-22-543, 2022 WL 2400724, at *1 (D. Md. Mar. 16, 2022) ("[F]oreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction, and defendants have not identified another basis for this

---

[3] While Defendants do not assert diversity jurisdiction as a basis for removal, Judge Hazel also found that the Court lacked diversity jurisdiction over this action. *See* ECF 15 in Civ. No. 15-708-GJH, at 2.

3

Court's jurisdiction."). Because this Court lacks subject matter jurisdiction over this action, Plaintiffs' motion to remand is granted.[4]

For these reasons, it is, by the United States District Court for the District of Maryland, hereby ORDERED that:

(1) Plaintiffs' motion to remand, ECF 5, is GRANTED;

(2) The case is REMANDED to the Circuit Court for Montgomery County;

(3) Plaintiffs' "Motion Requesting the Court [to Direct] the Plaintiffs[ to] File the Required Corporate Disclosure," ECF 8, and "Motion for Extension of Time to File Counter Complaint/RICO Complaint," ECF 12, are DENIED AS MOOT;

(4) The Clerk is directed to MAIL a copy of this memorandum and order to Defendants and to CLOSE this case.

Dated: April 18, 2025

/s/
Brendan A. Hurson
United States District Judge

---

[4] Remand is also proper because Defendants' attempted removal is untimely. *See* 28 U.S.C. § 1446(b)(1); *Link Telecommunications, Inc. v. Sapperstein*, 119 F. Supp. 2d 536, 542 (D. Md. 2000) ("Untimely removal constitutes a defect in removal procedure." (citing *Cades v. H & R Block, Inc.,* 43 F.3d 869, 873 (4th Cir. 1994))).